UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| LUIS UZHCA and MARIA SMITH, | : | Civil Action No. 17-3850-CV |
| | : | |
| Plaintiffs, | : | COMPLAINT |
| | : | |
| -against- | : | |
| | : | |
| WAL-MART STORES, INC., SAM'S EAST, | : | |
| INC., and INLAND-GREENBURGH DELAWARE | : | |
| BUSINESS TRUST, | : | <u>JURY TRIAL DEMANDED</u> |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------x

Plaintiffs, Luis Uzhca and Maria Smith, by their undersigned counsel, Raskin & Kremins, LLP, allege for their Complaint as follows:

## <u>NATURE OF ACTION</u>

1.     This is a personal injury action for negligence against Defendants Wal-Mart Stores, Inc., Sam's East, Inc., and Inland-Greenburgh Delaware Business Trust brought under the common law of the State of New York.

## <u>JURISDICTION AND VENUE</u>

2.     This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), and the amount in controversy exceeds the jurisdictional requirements of the Court.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(1), or in the alternative, pursuant to 28 U.S.C.§1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

1

## PARTIES

4.      At all times relevant to this action Plaintiff Luis Uzhca (hereinafter Uzhca) is a resident and citizen of the County of Westchester, State of New York.

5.      At all times relevant to this action Plaintiff Maria Smith (hereinafter Smith) is a resident and citizen of the County of Westchester, State of New York.

6.      Defendant Wal-Mart Stores, Inc. is a foreign business corporation duly organized under the laws of the State of Delaware and registered to do business in the State of New York with its principal place of business at 702 SW 8th Street Bentonville, Arkansas 72716.

7.      Defendant Sam's East, Inc. is a foreign business corporation duly organized under the laws of the State of Delaware and registered to do business in the State of New York with its principal place of business at 702 SW 8th Street Bentonville, Arkansas 72716.

8.      Defendant Inland-Greenburgh Delaware Business Trust is a foreign business association duly organized under the laws of the State of Delaware and registered to do business in the State of New York.

9.      Defendant Wal-Mart Stores, Inc. is a retailer, and, upon information and belief, is the parent company of the wholly owned subsidiary, Defendant Sam's East, Inc.

10.     Upon information and belief, at all times relevant herein Defendant Inland-Greenburgh Delaware Business Trust was, and is, the title owner of the premises located at 333 Saw Mill River Road, Elmsford, New York 10523.

11.     At all times relevant herein, a retail store known as "Sam's Club" was, and is, located at the premises located at 333 Saw Mill River Road, Elmsford, New York 10523.

2

12.     Upon information and belief, at all times relevant herein Defendant Sam's East, Inc. was, and is, the operating entity for the "Sam's Club" retail store located at 333 Saw Mill River Road, Elmsford, New York 10523.

13.     Because of the corporate and inter-connected business relationships between all Defendants, the Complaint shall hereafter use the term "Sam's Club" to refer to all Defendants unless otherwise noted.

## FACTS

14.     At all times relevant herein Plaintiff Uzhca was employed by Sani-Pro Disposal Services Corp. and assigned to work at the American Independent Paper Mills Supply Co., Inc. facility located at 15 S Depot Plaza Tarrytown, New York 10591.

15.     Upon information and belief, Sani-Pro Disposal Services, Corp. is in the business of transporting refuse materials from various commercial business and retail locations to facilities for disposal and/or recycling.

16.     Upon information and belief, on or about May 29, 2015, Defendants "Sam's Club", by and through their employees and/or agents, at the "Sam's Club" retail store located at 333 Saw Mill River Road, Elmsford, New York 10523, loaded heavy compressed cardboard and/or other heavy refuse material (hereinafter "contents") into a tractor/trailer operated by an employee from Sani-Pro Disposal Services, Corp.

17.     Upon information and belief, the trailer was a 1993 Fruehauf Semi-Trailer bearing New York license plate number BF48313.

18.     Upon information and belief, an employee from Sani-Pro Disposal Services Corp. drove the fully loaded tractor/trailer from the "Sam's Club" retail store at 333 Saw Mill River

Road, Elmsford, New York 10523 to the American Independent Paper Mills Supply Co., Inc. facility located at 15 S Depot Plaza Tarrytown, New York 10591 (hereinafter "Depot").

19.     On May 29, 2015 at approximately 1:50 p.m. at the aforesaid Depot, Plaintiff Uzhca opened the right rear door of the aforesaid trailer without incident.

20.     Plaintiff Uzhca next attempted to open the left rear door of the trailer to begin unloading the contents.

21.     As Plaintiff Uzhca began pulling the left rear door towards him, the contents inside the trailer immediately moved and pushed the left rear door into Plaintiff Uzhca's chest, causing Plaintiff Uzhca to fall backwards to the ground and sustain injury.

22.     The contents continued to move and fell out of the trailer striking Plaintiff Uzhca's right foot and ankle, causing injury.

23.     As a result of the contents striking Plaintiff Uzhca and his fall to the ground, Plaintiff Uzhca sustained a right bimalleolar ankle fracture that required multiple surgical procedures with the need for possible future surgery, injuries to his neck and shoulders with the need for possible surgery, epidural pain injections, extended medical treatment, and months of physical therapy.

24.     Plaintiff Uzhca suffered, and continues to suffer, severe pain as a result of his injuries and was largely immobile for an extended period of time, preventing him from working, performing activities of daily living, performing household chores, engaging in social activities, and otherwise performing his typical routine prior to injury.

25.     Plaintiff Uzhca continues to suffer from his injuries and continues to remain unable to resume work, perform household chores and otherwise perform his typical level of activity prior to injury.

26.     Plaintiff Uzhca continues to have difficulty walking and requires the use of a cane.

## COUNT ONE

27.     Paragraphs 1 through 26 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

28.     Defendants "Sam's Club" had a duty to load, place, and secure the contents inside the trailer in a reasonably safe manner to prevent injury to individuals charged with unloading the contents from the trailer, such as Plaintiff Uzhca.

29.     Defendants "Sam's Club" by and through their employees and/or agents breached their duty to load, place, and secure the contents inside the trailer in a reasonably safe manner.

30.     It was reasonably foreseeable that by failing to load, place, and secure the contents inside the trailer in a reasonably safe manner, by overloading the trailer, by failing to implement and/or follow appropriate safety procedures, and/or by otherwise failing to secure the contents inside the trailer to prevent movement, an individual charged with unloading the contents from the trailer, such as Plaintiff Uzcha, would be injured.

31.     Defendants knew or should have known the danger associated with the manner in which Defendants "Sam's Club" by and through their employees and/or agents loaded and placed the contents inside the trailer.

32.     Defendants "Sam's Club" failed to warn Plaintiff Uzhca and/or his employer of the dangerous manner in which the contents had been loaded and placed inside the trailer.

33.     Defendants "Sam's Club" were negligent.

34.     Defendants "Sam's Club" were careless.

35.     Defendants "Sam's Club" were reckless.

36.    Defendants "Sam's Club" failed to ensure the contents were safely and securely loaded and placed inside the trailer to prevent movement.

37.    The negligent, careless, and/or reckless conduct of Defendants "Sam's Club" by and through their employees and/or agents, in failing to load, place, and secure the contents inside the trailer in a reasonably safe manner, in overloading the trailer, in failing to implement and/or follow appropriate safety procedures, in being negligent in accordance with the principles of res ipsa loquitur, and/or in otherwise failing to secure the contents inside the trailer to prevent movement caused the contents to push against the left rear door upon its opening, causing Plaintiff Uzhca to fall to the ground and sustain injury, and caused the contents to fall out of the trailer and strike Plaintiff Uzhca, causing injury.

38.    As a result of the aforesaid negligent, careless, and/or reckless conduct of Defendants "Sam's Club", by and through their employees and/or agents, Plaintiff Uzcha has suffered actual damages and was caused to become sick, sore, lame, hospitalized, and disabled; Plaintiff Uzhca has continued to suffer from pain and suffering, mental anguish, emotional distress, and continuing foot, ankle, neck and shoulder injuries; Plaintiff Uzhca was caused to expend monies for medical bills and related costs of treatment; Plaintiff Uzhca was caused to lose time from work and income and continues to remain unable to work and continues to lose income as a result of his injuries; Plaintiff Uzhca verily believes his injuries are permanent and the long-term effects of Plaintiff Uzhca's injuries continue to manifest themselves.

39.    By reason of the negligence, carelessness, and/or recklessness of Defendants "Sam's Club" by and through their employees and/or agents and as a result of the injuries sustained and the economic loss in special damages for past and future loss of income and for

past and future cost of medical bills and related costs of treatment, Plaintiff Uzcha has become damaged in the amount of Two Million ($2,000,000.00) Dollars.

40.      This action falls within one or more of the exceptions set forth in N.Y.C.P.L.R. §1602.

## COUNT TWO

41.      Paragraphs 1 through 40 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

42.      Plaintiff Smith was and is the lawfully wedded spouse of Plaintiff Uzhca, and as such is entitled to the services, companionship, and consortium of Plaintiff Uzhca.

43.      That as a result of the aforesaid occurrence caused by the negligence, carelessness, and/or recklessness of Defendants "Sam's Club", Plaintiff Smith, being the lawfully wedded spouse of Plaintiff Uzhca, has suffered and continues to suffer the loss of the society, services, companionship, and consortium of Plaintiff Uzhca for a considerable period of time and upon information and belief may suffer continued similar losses and deprivation indefinitely into the future.

44.      That as a result of Plaintiff Uzhca's injuries, Plaintiff Smith was caused to, and continues to expend sums of money for the purpose of obtaining medical care and attention for her husband and, upon information and belief, may suffer continued similar losses, expenses and deprivation indefinitely into the future.

45.      By reason of the aforesaid occurrence caused by the negligence, carelessness, and/or recklessness of Defendants "Sam's Club", by and through their employees and/or agents and as a result of the injuries sustained by Plaintiff Uzhca, Plaintiff Smith has become damaged in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

46.    Plaintiffs Uzhca and Smith hereby demand a trial by jury on all Counts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand the following relief against Defendants:

A.    Awarding Plaintiff Luis Uzhca actual, compensatory and special damages on Count One in the amount of $2,000,000.00.

B.    Awarding Plaintiff Maria Smith actual, compensatory and special damages on Count Two in the amount of $500,000.00.

C.    Pre- and post-judgment interest, costs and attorney's fees.

D.    Such other and further relief as this Court may deem appropriate and equitable.

Dated: New York, New York
      May 11, 2017

Respectfully submitted,

RASKIN & KREMINS, LLP

By: Michael F. Kremins, Esq.
      MFK - 6377
Attorneys for Plaintiffs
Luis Uzhca and
Maria Smith
160 Broadway, 4th Floor
New York, New York 10038
(212) 587 – 3434
e-mail address - kremlaw@netzero.com