USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2022

**MEMORANDUM ENDORSEMENT**

Uzhca et al v. Walmart Stores Inc. et al
7:17-cv-03850-NSR

       The Court is in receipt of the attached letter from the Defendants, dated September 12, 2022, and the response letters from the Plaintiff, dated September 12, 2022 and September 13, 2022.

       In light of Plaintiff's late exchange of information regarding a subsequent action that affects Plaintiff's injuries in this matter, the failure to timely disclose the information to defense counsel, and defense counsel's need for additional time to conduct certain discovery, depose the Plaintiff and Dr. Radna (Plaintiff's expert), and obtain additional medical records, the Court determines that the parties are not ready for trial, currently scheduled on October 12, 2022.  The trial is adjourned sine die.

       The Clerk of the Court is kindly directed to terminate the motion at ECF No. 184.


Dated: September 16, 2022
     White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# BRODY, O'CONNOR & O'CONNOR, ESQS.
## ATTORNEYS AT LAW
### 7 BAYVIEW AVENUE
### NORTHPORT, NEW YORK 11768

| | | |
|---|---|---|
| **SCOTT A. BRODY**◆ | | New York Office: |
| **THOMAS M. O'CONNOR**★ | **(631) 261-7778** | ____ |
| **PATRICIA A. O'CONNOR** | Fax **(631) 261-6411** | *535 Eighth Avenue* |
| **AISHA K. BROSNAN** | | *19ᵗʰ Floor* |
| **JONATHAN F. BANKS** | | **New York, New York 10018** |
| **MAGDALENE SKOUNTZOS**┼ | | **(212) 233-2505** |
| **ADAM FRANK** | | **(212) 233-2506** – Fax |
| **PATRICK M. CARUANA**┼ | | |
| **RICHARD HARMS** | | |
| **BRADY O'MALLEY** | | |

____

| | |
|---|---|
| **TANYA M. DeMAIO** | OF COUNSEL |
| **THOMAS S. REILLY** | CRAIG J. TORTORA |
| **JOHN R. PETROWSKI** | ROBERT C. POLIZZO, JR. |
| **MICHAEL FEINER** | RICHARD SHERIDAN |
| **NISHI RAJAN** | |
| **JOSEPH T. O'CONNOR** | |
| **MICHAEL J. BURKE**★ | |
| **ANN MARIE KADOO** | |
| **SARA I. TOMANIO** | |

◆ Also Admitted to Florida Bar
★ Also Admitted to Connecticut Bar
⊞ Also Admitted to New Jersey Bar

September 12, 2022

Hon. Judge Nelson Stephen Román
via ECF only

Re:    LUIS UZHCA and MARIA SMITH v. WAL-MART STORES, INC., SAM'S EAST, INC. and
       INLAND-GREENBURGH DELAWARE BUSINESS TRUST,
       Docket No.: 17 CV 03850

Honorable Judge Román:

The referenced matter is scheduled for jury selection on October 12, 2022.  The parties' joint preliminary trial report was filed on August 1, 2022.  Motions in limine were filed on August 5, 2022.  One of those motions sought to preclude Dr. Radna's trial testimony with respect to plaintiff's cervical fusion.

On Friday night, at 10:54 p.m., the undersigned received a dropbox from plaintiff's counsel that included, amongst other things, a letter in which plaintiff's counsel advised that plaintiff had been in a motor vehicle accident on April 23, 2022.  Included in the dropbox were medicals records from Phelps Memorial Hospital and the Ambulance Call Report for that motor vehicle accident; a HIPPA authorization addressed to Phelps Memorial Hospital; and copies of an x-ray of plaintiff's lumbar spine and CT of his cervical spine performed at Phelps Memorial Hospital in relation to the motor vehicle accident.

Also included in the dropbox were the following:

   1.   A supplemental narrative report by plaintiff's expert, Dr. Radna, indicating that Dr. Radna saw plaintiff on August 15, 2022, after the trial report and motions in limine had already been filed.  In his report, Dr. Radna indicates that an interval history presented by plaintiff establishes that plaintiff made "multiple attempts" to return to light work activity but was unable to tolerate any work and is presently not working.  Dr. Radna reviews and opines on the MVA report, the ambulance report, the CT scan of the cervical spine, and serial stereo-3D sagittal views of the cervical spine taken on **March 19, 2019**. He concludes that all past and future operative and non-operative management of plaintiff's cervical spinal conditions are causally related to the accident of March 29, 2015.

*September 12, 2022*
*Page Two*

2.  A HIPPA authorization addressed to Dr. Radna.
3.  An x-ray of the left shoulder and C spine taken on 8/4/22.
4.  An MRI of the left shoulder taken on 8/5/22.
5.  An x-ray of the right ankle taken on 8/11/22.
6.  A CT of the C spine taken on 8/19/22.
7.  X-rays of the C spine taken on 3/19/19 and 1/24/19.
8.  69 images from the CT scan taken on 8/19/22.
9.  HIPPA authorizations addressed to Westchester Medical Center and Lenox Hill Radiology.

In light of the above, defendant requests the following:

1.  <u>A further deposition of plaintiff</u>.  The Court will undoubtedly recall that the last time this matter was on for trial, surveillance conducted by the defendant revealed that plaintiff was working as a pizza delivery man. Defendant is entitled to another deposition of plaintiff to address the motor vehicle accident of April 23, 2022, to ascertain the day on which he allegedly stopped working as a pizza delivery man, to conduct discovery regarding the "multiple attempts" that he allegedly made to return to light work, as alleged in Dr. Radna's supplemental narrative, and to question plaintiff about the reasons for his recent spate of diagnostic testing.

2.  <u>Radiological review of the recent diagnostic tests by defendant's expert</u>.  Plaintiff disclosed six diagnostic films after the Joint Preliminary Trial Report was filed.  Defendant is entitled to have those films reviewed by its own expert and supplement its expert disclosure prior to the trial of this action.

3.  <u>Time to process and acquire the records from the four HIPPA authorizations just received</u>.

4.  <u>A further deposition of Dr. Radna with respect to his Supplemental Narrative</u>.  The Supplemental Narrative offers no explanation for why Dr. Radna is reviewing diagnostic films taken on March 19, 2019, leaving one to surmise that he did so in response to defendant's Motion in Limine.  Since it is well settled that all reports are to be in hand prior to conducting an expert's deposition (<u>McDermott v. Liberty Mar. Corp</u>., No. 08-CV1503 [KAM] [ALC], 2009 US Dist LEXIS 150077 [EDNY Nov. 24, 2009]), defendant is entitled to a further deposition of Dr. Radna.

In the alternative, defendant seeks preclusion of any testimony from Dr. Radna with respect to his August 15th examination of plaintiff, his recent review of diagnostic films, and the opinions expressed in his Supplemental Narrative as well as preclusion from admittance into evidence of the diagnostic films disclosed on Friday, September 9, 2022.

We await the Court's guidance as to how to proceed.

Respectfully submitted,

BRODY, O'CONNOR & O'CONNOR, ESQS.

*Scott A. Brody*

Scott A. Brody

**SONIN & GENIS**
ATTORNEYS AND COUNSELORS AT LAW LLC
ONE FORDHAM PLAZA, SUITE 907
BRONX, NEW YORK 10458
TEL: 718.561.4444
FAX: 718.561.2162
WWW.SONINGENIS.COM

*AFFILIATED OFFICE*
ROBERT J. GENIS
C/O PAUL BLEIFER, ESQ.
16 SKYLINE DRIVE, BOX 298
MONTVILLE, NJ 07045
T: 201.592.1115
F: 201.944.8630

ROBERT J. GENIS*
SHERRI SONIN (1957-2017)
*ADMITTED IN NY, NJ & CT

September 12, 2022

The Honorable Nelson S. Roman
United States District Judge
    Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

RE:    Uzhca, et. al. v. Wal-Mart Stores, Inc., et. al.
       17-CV-03850-NSR

Dear Judge Roman:

The undersigned is trial counsel for the plaintiffs in the above captioned matter. I write in
response to defense counsel's letter efiled early today. Counsel acknowledges disclosing the
plaintiff's subsequent albeit minor, motor vehicle incident shortly after having been
notified of it. As defense counsel acknowledges, he is in receipt of all of the actual records
and actual films from the recent incident and has been provided with HIPAA compliant
authorizations so he can obtain his own copy of the records and films.

It should be noted that medical records for the recent incident not only corroborate the
incident was minor, more of a fender-bender than anything else, but also that nothing
about the incident resulted in any change or exacerbation of Plaintiff's injuries from the
incident underlying the matter before this Honorable Court.

Regarding Defendant's requests contained in the letter, Plaintiff has no objection to a
further deposition of the plaintiff regarding the recent motor vehicle incident[1]. Such a
deposition could be conducted expeditiously, and Plaintiff's counsel is willing, ready, and

---

[1] Such a deposition should be restricted only to the events and injury/treatment surrounding this recent
fender bender. While the defendants had the opportunity to request a further deposition when discovery
was reopened in 2021 (as a result of Defendants' belated disclosure of surveillance videos), they did not
avail themselves of the opportunity and have waived it. Therefore, there would be no basis for
questioning on any matter outside the incident in question.

able to work with defense counsel to schedule the examination to occur prior to the beginning of jury selection.

Plaintiff does not understand the basis of the defendants requesting a radiologist review the new records as they have never utilized a radiologist to review the numerous MRIs, CTs and X-Rays they had for years in this matter prior to today. Plaintiff would have no objection if defendants received a supplemental report from their expert, Haig, concerning this matter[2]. As to Defendant's request for a further deposition of Dr. Radna, Plaintiff does not believe it is necessary as Dr. Radna has indicated that no additional trauma was suffered by the plaintiff in the recent incident to those portions of Mr. Uzhca's body that was injured in this matter.

Regarding time to process the HIPAA, Plaintiff would note this Honorable Court stated in its minute entry for the January 6, 2022 conference with the parties, this matter has been bifurcated with liability being tried first. As such, there should be sufficient time for the defendant to obtain the records prior to the damages portion of the matter is present to the jury.

Thank you for your attention to this matter.

Yours very truly,

*Robert J. Genis*

Robert J. Genis
Cc:     Michael Kremins, Esq. (via ECF)
          Scott A. Brody, Esq. (via ECF)

---

[2] As Dr. Haig has opined Plaintiff suffered no injury from the underlying matter, it's not clear how the most recent incident would alter his opinion.

2

**SONIN & GENIS**
ATTORNEYS AND COUNSELORS AT LAW LLC
ONE FORDHAM PLAZA, SUITE 907
BRONX, NEW YORK 10458
TEL: 718.561.4444
FAX: 718.561.2162
WWW.SONINGENIS.COM

ROBERT J. GENIS*
SHERRI SONIN (1957-2017)
*ADMITTED IN NY, NJ & CT

AFFILIATED OFFICE
ROBERT J. GENIS
C/O PAUL BLEIFER, ESQ.
16 SKYLINE DRIVE, BOX 298
MONTVILLE, NJ 07045
T: 201.592.1115
F: 201.944.8630

September 13, 2022

The Honorable Nelson S. Roman
United States District Judge
    Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

RE:    Uzhca, et. al. v. Wal-Mart Stores, Inc., et. al.
       17-CV-03850-NSR

Dear Judge Roman:

The undersigned is trial counsel for the plaintiffs in the above captioned matter. I write to supplement Plaintiffs' September 12, 2022 correspondence. In brief, if the defendants wish to conduct a limited further expert witness deposition of Dr. Radna pursuant to Fed.R.Civ.P. 26 (b)(4), while Plaintiffs believe it is unnecessary, there would be no objection. The questioning should be limited to the recent MVA, and Dr. Radna's review of recent records/films and recent examination of plaintiff. Plaintiffs further state they would be willing to work with defense counsel in scheduling such an examination and would be prepared to conduct it in the evening or on the weekend to ensure that it did not disrupt the trial schedule of this matter. Pursuant to the FRCP, defendants must pay Dr. Radna for his time.

As plaintiff has already given all records/films, and authorizations to obtain same, and consented to producing the plaintiff and Dr. Radna for limited further depositions, and consents to Dr. Haig reviewing these films/records, we respectfully submit that the defendants' motion be denied as moot.

Thank you for your attention to this matter.

Respectfully submitted,

*Robert J. Genis*

Robert J. Genis
Cc:    Michael Kremins, Esq. (via ECF)
       Scott A. Brody, Esq. (via ECF)